UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SENTINEL ROCK WEALTH MANAGEMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH R. HARTLEY; ERISEY WEALTH MANAGEMENT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY,<br><br>Defendants. | Case No. 2:16-cv-01643-MMD-VCF<br><br>ORDER |

**I.    SUMMARY**

This case involves an alleged breach of contract. Before the Court are the parties' cross-motions for summary judgment (ECF Nos. 59, 60). The Court has reviewed the parties' responses and replies (ECF Nos. 64, 65, 69, 70). For the following reasons, the Court grants Defendants Kenneth R. Hartley and Erisey Wealth Management, LLC's ("Erisey") motion for summary judgment (ECF No. 59) and denies Plaintiff Sentinel Rock Wealth Management, LLC's ("Sentinel Rock") motion for summary judgment (ECF No. 60) as moot.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Hartley owned a wealth management company—Erisey—that he agreed to sell to another wealth management company—Sentinel Rock—in an Asset Purchase Agreement

("Agreement") on May 8, 2014. (ECF No. 59 at 3; ECF No. 60 at 1, 3.) Under the Agreement, Hartley became an at-will employee of Sentinel Rock. (ECF No. 59 at 3; ECF No. 65 at 1-2.) The Agreement also obligated Erisey to transition its clients to Sentinel Rock. (ECF No. 59 at 4.)

The Agreement contained a Covenant Not to Compete as well as a Covenant Not to Solicit. The Covenant Not to Compete essentially prohibited Hartley from engaging prospective clients for one year following termination of Hartley's employment with Sentinel Rock. (*See id.* at 3.) The Covenant Not to Solicit prohibited Hartley from "knowingly call[ing] upon, solicit[ing], divert[ing] or attempt[ing] to solicit or divert any" of Sentinel Rock's clients or contracts for two years following termination of Hartley's employment with Sentinel Rock. (*Id.* at 3-4; ECF No. 65 at 3-4.)

A couple years later, on May 18, 2016, Sentinel Rock's parent company—Meadows Corporation ("Meadows")—put Sentinel Rock up for sale. (ECF No. 59 at 5; ECF No. 65 at 6.) Hartley resigned a week later and began working at Desert Hart Consulting to provide wealth management services to the clients of a company called Clarus Wealth Advisors ("Clarus"). (ECF No. 59 at 6-7.)

Sentinel Rock was acquired by a company called RG Capital, and that company sent a letter to Sentinel Rock's clients on June 1, 2016, essentially stating that Hartley had resigned. (*Id.* at 7.) All but two of Sentinel Rock's clients then left Sentinel Rock and became Hartley's clients at Clarus. (*Id.* at 8-12; ECF No. 65 at 9.)

Sentinel Rock filed the Complaint on July 12, 2016, asserting two claims: (1) breach of the Agreement by Hartley; and (2) breach of the Agreement by Erisey. (ECF No. 1 at 6-7.) Sentinel Rock seeks money damages and injunctive relief. (*Id.* at 8.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William

3

W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 59)**

"To succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)). The parties dispute only the third element—breach.

**A.    Claim Against Hartley**

Defendants argue that Hartley did not breach the Agreement because he did not solicit current or prospective clients or their contracts. (ECF No. 59 at 14.) Rather, Hartley's clients followed him to Clarus of their own volition—they wanted Hartley to manage their investments regardless of where he worked. (*See id.*) Plaintiff essentially argues that Hartley must have solicited Sentinel Rock's clients because the clients left Sentinel Rock. (*See* ECF No. 65 at 12-13.) The evidence before the Court only supports Defendants' version of events.

Of the clients at issue, most submitted declarations generally asserting that Hartley did not attempt to persuade them to leave Sentinel Rock and that they chose to follow Hartley based on their personal relationships with him. (*See, e.g.*, ECF No. 59-4 at 2 (declaration of Richard C. Reahm); *see also* ECF No. 59 at 8-12 (summarizing the clients' declarations).) As to the remaining clients, Defendants adduced evidence that these individuals were never clients of Sentinel Rock or never became clients of Hartley. (*See* ECF No. 59 at 11-12 (discussing clients other than those who submitted declarations: James Kersten, Best Family Trust, Fleishaker Trust, Andrea Tate, and Sparling Trust).)

Plaintiffs have not produced sufficient evidence to the contrary to create a genuine dispute of material fact as to whether Hartley solicited these clients. Plaintiff's purported evidence that Hartley solicited Sentinel Rock's clients consists of the following: (1) Hartley

4

told a Sentinal Rock client—Brian Proud—that Mr. Proud's mother, Patricia Proud, needed to call Hartley and that Hartley could not call Ms. Proud; and (2) Hartley sent communications to Sentinel Rock clients from Clarus via FedEx on June 1, 2016. (ECF No. 65 at 6-10.) Hartley's communication to Brian Proud regarding Patricia Proud does not show that Hartley solicited her business, particularly in light of her declaration indicating that Hartley never contacted her regarding his departure from Sentinel Rock and that her decision to retain Hartley was based on her satisfaction with his services over the last seven years. (*See* ECF No. 59-19 at 2.) Plaintiff's evidence that Hartley sent FedEx communications to Sentinel Rock clients also does not show that he solicited them—each of the declarations Defendants adduced essentially assert that Hartley did not solicit them. (*See* ECF No. 59 at 8-12.) Thus, Plaintiffs have failed to create a genuine issue of material fact as to whether Hartley solicited Sentinel Rock clients in violation of the Agreement.

Plaintiff further argues that "[i]f nothing else, the court should deny summary judgment and allow the case to go to trial on the theory that Mr. Hartley breached the implied covenant of good faith." (ECF No. 65 at 19.) The Court declines Plaintiff's invitation because Plaintiff did not plead this as a claim in the Complaint. (*See generally* ECF No. 1.) Moreover, Plaintiff has adduced no evidence that Hartley deliberately contravened the intent and spirit of the Agreement. *See Hilton Hotels Corp. v. Butch Lewis Prods.*, 808 P.2d 919, 922-23 (Nev. 1991) ("Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing.").

Accordingly, the Court will grant summary judgment in favor of Defendants on Plaintiff's first claim for relief.

///

///

///

### B. Claim Against Erisey

Defendants also moved for summary judgment on Plaintiff's claim against Erisey. (ECF No. 59 at 18-19.) Plaintiff did not address this portion of Defendants' motion in their response (ECF No. 65) or their own motion for summary judgment (ECF No. 60).

Plaintiff claims that Erisey breached the Agreement by failing to deliver its assets and client accounts to Meadows and that Erisey maintained control and custody of Erisey's assets. (ECF No. 1 at 7.) Defendants argue that the deposition testimony of Meadows' directors shows that Erisey did in fact transition assets and clients to Sentinel Rock. (ECF No. 59 at 18-19 (first citing ECF No. 59-23 (deposition testimony of David Thorson that Erisey's clients and revenue were transferred to Sentinel Rock); and then citing ECF No. 59-26 (deposition testimony of James Kriss that Sentinel Rock received fees from Erisey's clients and that no transition was necessary)).) The deposition transcripts that Defendants cite are properly authenticated because they identify the names of the deponents and the action and include reporters' certifications. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). Accordingly, the Court finds that Defendants have carried their burden of showing that no genuine issue of material fact exists as to whether Erisey breached the Agreement and will grant summary judgment in favor of Defendants on Plaintiff's second claim for relief.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 59) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 60) is denied as moot.

///

It is further ordered that Plaintiff's motion for hearing before a magistrate judge (ECF No. 71) is denied as moot.

The Clerk of the Court is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 28th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE